CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
Aug 07, 2024
LAURA A. AUSTIN, CLERK
BY: s/B. McAbee
       DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
(Danville Division)**

| | |
|---|---|
| **LEVAR FOWLER** ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Civil Action No. __4:24-cv-00029__ |
| ) | |
| **CAESARS VIRGINIA, LLC** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **SERVE**:  R/A: Corp. Serv. Co. ) | |
|         100 Shockoe Slip Fl 2 ) | |
|         Richmond, VA, 23219 ) | |

**COMPLAINT**

Levar Fowler ("Mr. Fowler" or "Plaintiff") by and through undersigned counsel, brings this action against Defendant Caesars Virginia, LLC ("Caesars") under Title VII, 42 U.S.C. § 2000e et seq., the Virginia Human Rights Act ("VHRA"), Va. Code Ann. § 2.2-3900 et seq., and Va. Code Ann. § 40.1-27.3.

**I.    INTRODUCTION**

1. This case involves racial discrimination, retaliation, and a hostile work environment that violates both state and federal law. Plaintiff has evidence that Caesars, through its authorized agents: (1) racially discriminated against Mr. Fowler; (2) refused to deal with his reports of racist language and actions; (3) retaliated against him for reporting the discrimination to management; and (4) terminated him using the pretext that he was bullying other employees and harassing customers.

1

## II. JURISDICTION AND VENUE

2.   This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., the Virginia Human Rights Act ("VHRA"), Va. Code Ann. § 2.2-3900, et seq., and Va. Code Ann. § 40.1-27.3.

3.   Venue is proper in this forum pursuant to Va. Code Ann. § 8.01-262(4) because Caesars operates the casino that employed Plaintiff in Danville, Virginia, a substantial part of the events or omissions giving rise to the claims occurred here, and Caesars has done substantial business here.

## III. PARTIES

4.   Plaintiff, Levar Fowler, is a United States citizen and legal resident of the Commonwealth of Virginia.

5.   Mr. Fowler began working as an assistant shift manager at Caesars on May 1, 2023.

6.   Mr. Fowler is an African American male and was terminated when he complained about racist treatment and comments made by his co-worker that management failed to correct.

7.   Caesars Virginia, LLC ("Caesars") is a Delaware Corporation with its headquarters located at 1 Caesars Palace Dr., Las Vegas, Nevada 89109-8969.

8.   Caesar's Danville location at which Plaintiff worked is located at 1100 W. Main St., Danville, Virginia 24541.

## IV. EXHAUSTION OF REMEDIES

9.   On or about July 20, 2023, Mr. Fowler was terminated from his position as an assistant shift manager for Caesar's location in Danville, Virginia.

10. On or about August 1, 2023, Mr. Fowler filed a charge (**Exhibit 1**) with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendant had discriminated and retaliated against him based on his race (African American). This Charge was brought within the 300 days provided under federal and state law.

11. On or about August 3, 2023, Mr. Fowler filed a charge (**Exhibit 2**) with the Virginia Office of Civil Rights ("VOCR") alleging that Defendant had discriminated and retaliated against him based on his race (African American). This Charge was brought within the 300 days provided under federal and state law.

12. On or about July 15, 2024, Plaintiff asked the EEOC to issue a Notice of Right to Sue as more than 180 days had passed without any indication the EEOC was close to completing its investigation.

13. On or about July 15, 2024, the EEOC issued a Notice of Right to Sue (**Exhibit 3**) giving Mr. Fowler 90 days to file suit against Defendant on the basis of the claims alleged in his charge.

14. On or about July 24, 2024, Plaintiff asked the VOCR to issue a Notice of Right to Sue as more than 180 days had passed without any indication the VOCR was close to completing its investigation.

15. On or about July 25, 2024, the EEOC issued a Notice of Right to Sue (**Exhibit 4**) giving Mr. Fowler 90 days to file suit against Defendant on the basis of the claims alleged in his charge.

16. Mr. Fowler now brings this Complaint within the time periods permitted to do so.

## IV. LEGAL FRAMEWORK

### A. Title VII of the Civil Rights Act of 1964.

17. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000e, et seq. forbids discrimination or retaliation on the basis of race, color, religion sex, or national origin.

### B. Virginia's Human Rights Act, Va. Code Ann. § 2.2-3900, et seq.

18. Under Va. Code Ann. § 2.2-3905, "[i]t is an unlawful discriminatory practice for [a]n employer to [f]ail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's … race…."

19. The VHRA also prohibits employers from retaliating against employees for opposing unlawful discrimination.

### C. Virginia's Whistleblower Retaliation Statute, Va. Code Ann. § 40.1-27.3

20. Under Va. Code Ann. § 40.1-27.3, "[a]n employer shall not discharge, discipline, threaten, discriminate against, or penalize an employee, or take other retaliatory action regarding an employee's compensation, terms, conditions, location, or privileges of employment, because the employee . . . in good faith reports a violation of any federal or state law or regulation to a supervisor." (Emphasis added.) Caesars violated Va. Code Ann. § 40.1-27.3 when its agents retaliated against Mr. Fowler for reporting violations of federal and state law.

21. Under Va. Code Ann. § 40.1-27.3(C), affected employees may file suit within one year of the employer's prohibited retaliatory action.

22. "The court may order as a remedy to the employee (i) an injunction to restrain continued violation of this section, (ii) the reinstatement of the employee to the same position held before the retaliatory action or to an equivalent position, and (iii) compensation for lost wages,

4

benefits, and other remuneration, together with interest thereon, as well as reasonable attorney fees and costs." (Emphasis added.)

V.     **STATEMENT OF FACTS**

23.    Caesars Resort Collection, LLC d/b/a Caesars Virginia ("Caesars") operates as a luxury hotel and casino located at 1100 West Main Street, Danville, Virginia 24541.

24.    Mr. Fowler is an African American male who was employed by Caesars at its Danville, Virginia location.

25.    Mr. Fowler began his employment with Caesars on May 1, 2023.

26.    Mr. Fowler worked for Caesars as a Table Games Dual Rate Assistant Shift Manager and Supervisor ("DRASM").

27.    Mr. Fowler was generally responsible for supervising the operations of two to eight table games on an assigned shift.

28.    Because he was a DRASM, Mr. Fowler regularly interacted with other employees, customers, and managers of Caesars.

29.    Typically, DRASMs are assigned to one of three shifts: day, swing, and graveyard.

30.    Mr. Fowler worked the graveyard shift.

31.    During his shift, DRASMs operated in a dual role as either a Supervisor or the Assistant Shift Manager ("ASM"), depending on what was needed in the shift.

32.    Throughout his employment, Mr. Fowler was instructed to report to his immediate supervisor, Antonia 'Toni' Trammell ("Ms. Trammell").

33.    Ms. Trammell worked as the Table Games Shift Manager for the graveyard shift.

34.    Mr. Thyer worked as the Table Games Assistant Shift Manager for the graveyard

5

shift.

35. Because Mr. Thyer and Mr. Fowler were both assistant managers, many of their shifts overlapped and they worked together frequently.

36. Although they shared the same rank and authority, Mr. Thyer treated Mr. Fowler as a subordinate.

37. Frequently, Mr. Thyer referred to Mr. Fowler as "boy" when he needed something done.

38. The racially charged connotation of the word "boy" when used to address a Black, adult man is well known.

39. After weeks of ignoring the comments, Mr. Fowler decided to act.

40. On May 24, 2023, Mr. Fowler complained to Ms. Trammel about this behavior.

41. As a result of his complaints, Mr. Thyer was suspended for two days.

42. Following Mr. Thyer's suspension, his behavior toward Mr. Fowler did not improve.

43. Curiously, Mr. Thyer was given the authority of "pencil duty," which actually gave him limited authority over Mr. Fowler.

44. Once Mr. Thyer was given this power, he began to address Mr. Fowler as one of his employees and his belittling behavior intensified.

45. After weeks of this behavior, on June 16, 2023, Mr. Fowler sent Ms. Trammell a text message saying that "[he] couldn't do this nomore" and "[i] really can't work with Matt."

46. Instead of investigating the situation, Ms. Trammell told Mr. Fowler to "walk away

when [he] had to."

47. Mr. Fowler reached out to ask for a meeting after an interaction with Mr. Thyer on July 14, 2023 ("July Interaction").

48. In the July Interaction, Mr. Fowler entered the back of the casino to clock in.

49. When he entered, Mr. Fowler saw Mr. Thyer had just finished speaking with another employee.

50. Mr. Thyer appeared upset after the conversation.

51. Upon seeing him, Mr. Thyer asked Mr. Fowler to follow him to the training room to speak with him.

52. Upon entering the training room, Mr. Thyer looked at Mr. Fowler and stated, "**you nigg\*\*s are getting out of control**."

53. Mr. Thyer began yelling at Mr. Fowler as if trying to intimidate him.

54. Following Ms. Trammell's advice, Mr. Fowler walked away from the situation.

55. Following this interaction, Mr. Fowler sent another text message to Ms. Trammell, asking to meet with her and Mr. Kevin Schechter ("Mr. Schechter"), the Table Games Director.

56. Mr. Schechter scheduled a meeting on July 15, 2023, to discuss the incident.

57. However, the July 15, 2023, meeting did not take place.

58. Mr. Schechter apologized and rescheduled the meeting for July 18, 2023.

59. On July 15, 2023, a Dealer reported that Mr. Fowler communicated negative feedback to her in front of hotel guests and players.

60. That same day, a guest allegedly sent an e-mail to Ms. Trammell complaining about

Mr. Fowler.

61. Coincidentally, both complaints were made the exact same day Mr. Fowler was scheduled to discuss the racist treatment to which he was being subjected.

62. On or about July 18, 2023, Ms. Trammell and Mr. Gilbert told Mr. Fowler he was suspended pending the investigation of these complaints.

63. Mr. Fowler was shocked because he believed that this meeting would be about his allegations against Mr. Thyer.

64. Mr. Gilbert asked Mr. Fowler to provide a written statement ("Written Statement") in response to these accusations.

65. On July 19, 2023, Mr. Fowler e-mailed the Written Statement to Human Resources.

66. In the Written Statement, Mr. Fowler documented the racial slurs and "unethical and unprofessional behavior" Mr. Thyer made towards him.

67. In his Written Statement, Mr. Fowler documented how he had previously reported Mr. Thyer's behavior to Mr. Schechter and Ms. Trammell.

68. Mr. Fowler also expressed dismay that the July 18, 2023, meeting was supposed to be about the racist treatment he was experiencing at the hands of Mr. Thyer.

69. Mr. Fowler stated he believed he "[was] being punished for speaking up about unethical conduct."

70. On July 20, 2023, Mr. Schechter sent Mr. Fowler a text message indicating Mr. Fowler needed to speak with Human Resources the following day.

71. On July 21, 2023, Mr. Fowler arrived at Caesars to meet with Human Resources,

8

Mr. Gilbert, and Ms. Trammell.

72. However, upon his arrival, the HR representative attempted to force Mr. Fowler to admit to having bullying Dealers.

73. Mr. Fowler denied the accusations and attempted to explain the racial discrimination he suffered from Mr. Thyer.

74. Rather than allowing Mr. Fowler to discuss those allegations further, Defendant terminated his employment.

## VI. CAUSES OF ACTION

### COUNT I
**Defendant Discriminated Against Plaintiff on the Basis of His Race in Violation of Title VII, 42 U.S.C. § 2000e, et seq.**

75. Plaintiff re-alleges and incorporates by reference paragraphs 1-74 as if fully set forth herein.

76. Plaintiff was at all times material hereto an employee of Defendant covered by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., prohibiting discrimination or harassment on the basis of race.

77. Defendant is, and at all times material hereto was, an employer within the meaning of 42 U.S.C. § 2000e-b, and as such was prohibited from discriminating against Plaintiff on the basis of race as set forth in 42 U.S.C. § 2000e-2(a).

78. Plaintiff is African American and is therefore a member of a protected class within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

79. Defendant discriminated against Plaintiff on the basis of his race in violation of Title VII by engaging in the conduct outlined above.

80. Plaintiff's protected status - African American - was a motivating factor for this discriminatory conduct.

81. Plaintiff's supervisors and Defendant's Human Resources leadership were aware of this overtly discriminatory treatment because they either participated in it or condoned it.

82. As a proximate result of Defendant's unlawful treatment of Plaintiff, Plaintiff has suffered lost wages, embarrassment, humiliation, and mental anguish, all in an amount to be established at the time of trial. Plaintiff will continue to lose wages until he is reinstated to his previous position as Assistant Shift Manager over the Table Games at Caesar's facility in Danville, Virginia.

83. Under 42 U.S.C. § 2000e-5, Plaintiff is entitled to recover compensatory damages, punitive damages, attorney fees, costs, and interest.

### COUNT II
**Defendant Discriminated Against Plaintiff on the Basis of His Race in Violation of the Virginia Human Rights Act ("VHRA"), Va. Code Ann. § 2.2-3900, et seq.**

84. Plaintiff re-alleges and incorporates by reference paragraphs 1-83 as if fully set forth herein.

85. Plaintiff was at all times hereto an employee of Defendant covered by the Virginia Human Rights Act, Va. Code Ann. § 2.2-3900, et seq., prohibiting discrimination or harassment on the basis of race.

86. Defendant is, and at all times material hereto was, an employer within the meaning of Va. Code Ann. § 2.2-3905 and as such was prohibited from discriminating against Plaintiff on the basis of race as set forth in Va. Code Ann. § 2.2-3905(B).

87. Plaintiff violated Va. Code Ann. § 2.2-3905(B) by engaging in the conduct outlined above.

88. Plaintiff's protected status - African American - was a motivating factor for this discriminatory and harassing conduct.

89. Plaintiff's supervisors and Defendant's Human Resources leadership were aware of this overtly discriminatory treatment because they either participated in it or condoned it.

90. As a proximate result of Defendant's unlawful treatment of Plaintiff, Plaintiff has suffered lost wages, embarrassment, humiliation, and mental anguish, all in an amount to be established at the time of trial. Plaintiff will continue to lose wages until he is reinstated to his previous position as Assistant Shift Manager over the Table Games at Caesar's facility in Danville, Virginia.

91. Under Va. Code Ann. § 2.2-3908(B), Plaintiff is entitled to recover compensatory damages, punitive damages, attorney fees, costs, and interest.

## COUNT III
### Hostile Work Environment
### in Violation of Title VII, 42 U.S.C. § 2000e, et seq.

92. Plaintiff realleges and incorporated by reference paragraphs 1-91 as if fully set forth herein.

~~93.~~ Plaintiff was at all times material hereto an employee of Defendant covered by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. § 2000e, et seq.

94. Defendant is, and at all times material hereto was, an employer within the meaning of 42 U.S. § 2000e-b and as such was prohibited from creating a hostile work environment against Plaintiff.

95. By engaging in the acts outlined above, Defendant created a hostile work environment in violation of Title VII.

96. Defendant's conduct was sufficiently severe to alter Plaintiff's employment

conditions, thus creating a hostile work environment.

97. Despite having actual knowledge regarding Plaintiff's claims of racial discrimination, Defendant failed to take remedial action that would end the harassment.

98. As a proximate result of Defendant's unlawful treatment of Plaintiff, Plaintiff has suffered lost wages, embarrassment, humiliation, and mental anguish, all in an amount to be established at the time of trial. Plaintiff will continue to lose wages until he is reinstated to his previous position as Assistant Shift Manager over the Table Games at Caesar's facility in Danville, Virginia.

99. Under 42 U.S.C. § 2000e-5, Plaintiff is entitled to recover compensatory damages, punitive damages, attorney fees, costs, and interest.

**COUNT IV**
**Caesars Terminated Plaintiff for Reporting Discrimination**
**in Violation of Title VII, 42 U.S.C. § 2000e-3(a)**

100. Plaintiff realleges and incorporates by reference paragraphs 1-99 as if fully set forth herein.

101. Plaintiff was at all times material hereto an employee of Defendant covered by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. § 2000e, et seq., prohibiting retaliation for reporting discrimination on the basis of race.

102. Defendant is, and at all times material hereto was, an employer within the meaning of 42 U.S. § 2000e-b and as such was prohibited from retaliating against Plaintiff as a result of him opposing unlawful discrimination practices as set forth in 42 U.S. § 2000e-3(a).

103. Plaintiff opposed the unlawful discrimination to which he was subjected on the following occasions:

   a. Complaining to his supervisor, Ms. Trammell, on May 24, 2023, about Mr. Thyer's

       comments of "boy" and his bullying and unprofessional behavior;

   b. Sending Ms. Trammell a text message on June 16, 2023, regarding his frustrations about working with Mr. Thyer;

   c. Sending Ms. Trammell a text message on July 14, 2023, asking to meet with her and Mr. Schechter regarding a racial incident that occurred with Mr. Thyer;

   d. E-mailing Mr. Schechter to ask why the July 15, 2023, did not occur;

   e. Sending an e-mail to Raven Williams on July 19, 2023, describing his frustrations with the situation and asking why he was being punished for reporting discrimination;

   f. Meeting with Mr. Schechter, Ms. Trammell, and a Human Resources Representative on July 20, 2023, to discuss the racial discrimination to which he was being subjected; and

   g. Complaining to Mr. Schechter, Ms. Trammell, and the HR Representative about Mr. Thyer's racist behavior during the July 20, 2023, meeting.

104. After Plaintiff complained about race-based discrimination at Caesars, Defendant retaliated against Plaintiff by terminating his employment.

105. The individuals who decided to terminate Plaintiff were very much aware of his efforts to oppose discriminatory behavior at Caesars.

106. As a proximate result of Defendant's retaliation against Plaintiff, Plaintiff has suffered substantial losses in earning and other employment benefits in addition to embarrassment, humiliation, and mental anguish in an amount to be established at the time of trial.

107. Under Title VII, Plaintiff is entitled to recover compensatory damages, punitive damages, attorney fees, costs, and interest, along with reinstatement or front pay in lieu thereof.

## COUNT V
### Caesars Terminated Plaintiff for Reporting Discrimination in Violation of the VHRA, Va. Code Ann. § 2.2-3905

108. Plaintiff realleges and incorporates by reference paragraphs 1-107 as if fully set forth herein.

109. As outlined above, Plaintiff opposed one or more practices made unlawful under the Virginia Human Rights Act.

110. In response to Plaintiff's protected activity, Defendant retaliated against him by terminating his employment.

111. The individuals who decided to terminate Plaintiff were very much aware of his efforts to oppose discriminatory behavior at Caesars.

112. As a proximate result of Defendant's retaliation against Plaintiff, Plaintiff has suffered substantial losses in earning and other employment benefits in addition to embarrassment, humiliation, and mental anguish in an amount to be established at the time of trial.

113. Under Va. Code Ann. § 2.2-3908(B), Plaintiff is entitled to recover compensatory damages, punitive damages, declaratory and injunctive relief, attorney fees, costs, and interest, along with reinstatement or front pay in lieu thereof.

## COUNT VI
### Caesars Terminated Plaintiff for Reporting Discrimination in Violation of Va. Code § 40.1-27.3

114. Plaintiff re-alleges and incorporates by reference paragraphs 1-113 as if fully set forth herein.

115. By virtue of the acts described above, Defendant retaliated against Mr. Fowler in violation of Va. Code § 40.1-27.3 when it terminated his employment because he "in good faith reported a violation of any federal or state law or regulation to a supervisor…."

116. The individuals who decided to terminate Plaintiff were very much aware that he had reported violations of federal and state law taking place at Caesars.

117. Those violations of state and federal law included acts of discrimination against Defendant's employees on the basis of race.

118. Under Va. Code § 40.1-27.3(C), Mr. Fowler is entitled to reinstatement, compensation for wages and benefits he lost following his unlawful termination, along with pre-judgment interest of 6%, attorney fees, and costs.

### VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Levar Fowler, prays that judgment be entered in his favor and against the Defendant as follows:

a. That Plaintiff be reinstated to the Table Games Dual Rate Assistant Shift Manager position he previously held or be paid an appropriate amount in front pay in lieu of reinstatement;

b. That Defendant pay compensatory damages for all lost wages, bonuses, benefits, and promotions Plaintiff lost and continues to lose as a result of Defendant's unlawful termination until he is reinstated as Table Games Dual Rate Assistant Shift Manager at Caesar's facility in Danville, Virginia;

c. That Defendant pay punitive damages in an amount not to exceed $350,000 pursuant to Title VII, 42 U.S.C. § 2000e-2(a) and Va. Code Ann. § 2.2-3908(B) for unlawfully discriminating against Plaintiff on the basis of his race;

d. That Defendant pay punitive damages in an amount not to exceed $350,000 pursuant to Title VII, 42 U.S.C. § 2000e-2(a) and Va. Code Ann. § 2.2-3908(B) for retaliating against Plaintiff by unlawfully terminating Plaintiff as a result of his efforts to oppose unlawful discrimination by Caesars;

e. That Plaintiff be awarded all reasonable attorney fees and costs, pursuant to Title VII, 42 U.S.C. § 2000e-5 and Va. Code Ann. § 2.2-3908(B), and Va. Code Ann. § 40.1-27.3;

f. That Plaintiff be awarded post-judgment interest; and

h. That the Court award such other and further relief as just, equitable, and proper.

**PLAINTIFF DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

August 7, 2024

                                   LEVAR FOWLER

                                   By: _____

                                   *Of Counsel*

Christopher E. Collins (VSB No. 90632)
Mia Yugo (VSB No. 92975)
**YUGO COLLINS, PLLC**
25 Franklin Road, SW
Roanoke, Virginia 24011
Tel: (540) 861-1529
Direct: (540) 855-4791
chris@yugocollins.com
mia@yugocollins.com

*Counsel for Plaintiff*