CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED
10/28/2025
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| LEVAR FOWLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:24-cv-00029 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAESARS VIRGINIA, LLC, | ) | By:  Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

In August 2024, Plaintiff Levar Fowler ("Fowler") sued his former employer, Caesars Virginia, LLC ("Caesars"),[1] alleging that Caesars violated his federal and state rights when it fired him after he complained that a co-worker repeatedly referred to him as "boy," called him the "N-word," and engaged in other allegedly discriminatory and threatening conduct. Caesars moved to dismiss Fowler's complaint in part, seeking dismissal of his hostile-work-environment claim and his retaliation claim under the Virginia Whistleblower Protection Law. (ECF No. 4.) In March 2025, this court denied Caesars's motion as to the former claim and granted it as to the latter. (ECF No. 10.) Fowler filed an amended complaint adding two new claims for violation of the Fair Labor Standards Act ("FLSA") and the Virginia Wage Payment

---

[1] Caesars contends that "Caesars Virginia, LLC is not the proper entity for this suit as Plaintiff was employed by Caesars Resort Collection, LLC … during the relevant timeframe." (Def. Mot. to Dismiss at 1 n.1.) Fowler, in turn, argues that "Caesars Virginia, LLC is the only Caesars entity registered to do business in Virginia. It appears these two entities likely acted as an integrated employer with respect to Plaintiff and are both liable." (Pl. Mem. in Opp. at 1 n.1.) Courts in this circuit apply a fact-intensive, four-factor "integrated employer" test, which requires considering: "(1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership/financial control." *United States v. Univ. Health Servs., Inc.*, No. 1:07-cv-00054, 2010 WL 4323082, at *6 (W.D. Va. Oct. 31, 2010) (citing *Hukill v. Auto Care, Inc.*, 192 F.3d 437, 442 (4th Cir. 1999) (abrogated on other grounds)). The parties have not fully briefed this matter, and the court does not have enough facts to determine whether these two entities acted as an integrated employer with respect to Fowler. In any event, those facts are not necessary to resolve the instant motion on the merits.

Act ("VWPA"), respectively. (Am. Compl. [ECF No. 20].) Caesars now moves to dismiss these new claims, arguing that Fowler's FLSA claim is time-barred under the standard statute of limitations, and that Fowler's allegations are not sufficient to entitle him to the three-year statute of limitations. Caesars also argues that, if the court dismisses his individual FLSA claim, then his individual VWPA claim, as well as the collective action and class-action claims under the FLSA and VWPA, respectively, must also be dismissed because both claims arise under the same facts. The court agrees and will grant Caesars's motion.

## I.   STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

The court previously recited the relevant facts in this matter in its March 3, 2025 Memorandum Opinion addressing Caesars's first motion to dismiss. Because the instant motion seeks dismissal of claims that Fowler recently added, many of those facts are not relevant to the specific claims before the court now. In the interest of judicial economy, the court incorporates the statement of facts and procedural background from its March 3, 2025 Memorandum Opinion. (ECF No. 10.)

After the court granted Caesars's first motion to dismiss in part, Fowler filed a motion to amend his complaint, stating that he discovered alleged FLSA and VWPA violations after reviewing documents produced in discovery; specifically, that Caesars "failed to incorporate the pro-rated portion of the sign-on bonus [Fowler] received into his regular rate of pay or overtime premiums." (Pl. Mot. to Am. Compl. ¶ 5 [ECF No. 18].) Fowler claims that, when he was hired, he received a signing bonus of $5,000 that was "payable within the first 30 days of employment." (Am. Compl. ¶¶ 87–88, Ex. 5.) Fowler's offer letter further provided that the sign-on bonus would be repayable to Caesars if he left voluntarily or was terminated for

- 2 -

violating company policies within twelve months of employment. (*Id.* Ex. 5.) Because the bonus "was to be paid off over a 12-month period," Fowler contends that the bonus "should have been calculated into [his] minimum wages when determining his overtime rate over the following 12-month period." (*Id.* ¶¶ 141–42.) And because Caesars paid him using his pre-bonus regular rate for overtime, Caesars "failed to include his bonus into his overtime rate." (*Id.* ¶ 147; *see also id.* ¶¶ 90–96.)

The court granted Fowler's motion to amend his complaint, and on August 13, 2025, Fowler filed an amended complaint, adding two claims: a purported collective action under the FLSA for failure to compensate overtime at regular rate of pay (Count VI); and a Rule 23 putative class action for violations of the VWPA (Count VII). After receiving a copy of the amended complaint, Caesars filed the present partial motion to dismiss on August 27, 2025. (ECF No. 21.) In its motion, Caesars challenges only Counts 6 and 7. Fowler filed a response (ECF No. 23), and Caesars replied (ECF No. 24), making this matter ripe for disposition.[2]

## II.   STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for

---

[2] Neither party requested oral argument, and the court does not believe that oral argument would aid in determining the legal issues presented in the motion.

the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557). When evaluating the sufficiency of a complaint, the court is obligated to consider the factual allegations asserted in the complaint as well as any exhibits attached thereto. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing Fed. R. Civ. P. 10(c)).

### III.   DISCUSSION

A. Count 6: Collective Action under the FLSA

Caesars argues that Fowler's individual FLSA claim is time-barred under the FLSA's standard two-year statute of limitations and that Fowler's allegations are insufficient to entitle him to the three-year statute of limitations for willful violations of the FLSA. (Def. Mot. to Dismiss at 6–7 [ECF No. 22].) The court agrees.

"[T]he length of the FLSA's statute of limitations depends upon whether the violation at issue was willful." *Calderon v. GEICO Gen. Ins. Co.*, 809 F.3d 111, 130 (4th Cir. 2015). Generally, the limitations period for FLSA claims is two years, but "the period is three years for willful violations." *Id.*; *see* 29 U.S.C. § 255(a). Fowler was terminated from his employment at Caesars on July 21, 2023; Fowler's cause of action under the FLSA accrued on that date, and accordingly, the latest date Fowler could file a general FLSA claim was July 21, 2025. The parties do not dispute that, because Fowler did not add his FLSA claim until he filed the amended complaint on August 13, 2025, that claim is time-barred under the standard two-year statute of limitations. Rather, the parties dispute whether Fowler's allegations adequately

alleged a willful violation the FLSA so as to entitle him to the three-year standard of limitations for willful violations of the FLSA.

An employer who "'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]' [has] willfully violated" the FLSA. *Desmond v. PNGI Charles Town Gaming, LLC*, 630 F.3d 351, 358 (4th Cir. 2011) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)). At the motion to dismiss stage, "the timeliness of an action based on the two[-] or three[-]year statute will be determined by whether a plaintiff has alleged a plausible FLSA claim and avers the employer's willful violation generally." *Aguirre v. Joe Theismann's Rest.*, No. 1:19-cv-556, 2019 WL 12267459, at *5 (E.D. Va. July 23, 2019). Although the Fourth Circuit has yet to rule on the issue, courts in this district have adopted the pleading standard that "a plaintiff 'does not need to allege specific facts' to support an allegation 'that defendants willfully violated the FLSA'" to receive the three-year statute of limitations at the motion to dismiss stage. *Farias v. Strickland Waterproofing Co.*, No. 3:20-cv-00076, 2021 WL 2272487, at *3 (W.D. Va. June 3, 2021). To survive a motion to dismiss, "an allegation of willfulness is sufficient"; alternatively, the plaintiff's allegations must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (cleaned up). Accordingly, the issue is whether a plaintiff's "complaint fails on its face to plausibly allege a willful violation of the statute." *Id.*

Fowler relies on *Farias*, arguing that he pleaded "sufficient facts that, when taken as true and drawing all reasonable inferences in his favor, support the position that [Caesars] knowingly violated the FLSA." (Pl. Mem. in Opp. at 8.) Specifically, Fowler contends that the allegations contained in his amended complaint imply that Caesars knew that he received a

nondiscretionary bonus and that it knew that failing to incorporate the bonus into his overtime rate violated the FLSA; thus, he argues, it is reasonable to infer that Caesars knew or recklessly disregarded the fact that its conduct violated the FLSA.

While *Farias* and other cases within this circuit set a fairly low bar for pleading willfulness, Fowler does not meet it. The relevant portions of Fowler's amended complaint allege as follows:

> 87. When Mr. Fowler was hired, Mr. Fowler was provided a signing bonus. (See **Exhibit 5**.)
> 88. The bonus was for $5,000 and payable within the first 30 days of employment.
> 89. 12 months equates to 2,080 hours of work, meaning this $5,000 equals a pro-rated amount of $2.40/hr.
> 90. However, Mr. Fowler's paystubs confirm that when he worked overtime at Caesars, Caesars **did not** incorporate that bonus into his regular rate of pay or overtime premiums.
> …
> 138. Under the FLSA, nondiscretionary bonuses must be calculated into the employee's regular rate of pay when determining their overtime rate.
> 139. Named Plaintiff earned $32.50 per hour and was given a $5,000 sign on bonus that, if applicable, Defendant could have required Plaintiff to pay back.
> 140. These conditions spanned over a 12-month period.
> 141. Because this bonus was nondiscretionary, the $5,000 bonus should have been calculated into Named Plaintiff's minimum wages when determining his overtime rate over the following 12-month period.
> …
> 147. However, Defendant **only** compensated Named Plaintiff for overtime hours worked at $48.75 [rather than $52.35—the overtime rate with the bonus included] because it **failed** to include his bonus into his overtime rate. (See **Exhibits 6, 7, 8**.)

Fowler provided the calculation of his regular overtime rate and the calculation of the rate inclusive of the bonus, as well as examples from the three pay periods between June 2, 2023, and July 13, 2023, when he received overtime compensation at the former, rather than the

latter, rate. (Am. Compl. ¶¶ 89–96.) In addition, Fowler stated that "all similarly situated class members who received a sign-on bonus and worked overtime were undercompensated on their overtime wages as well[,]" and that "[u]nder § 216(b) of the FLSA, Defendant is liable to Named Plaintiff and other class members in the amount withheld," as well as liquidated damages and attorney's fees. (*Id.* ¶¶ 149–51.) Finally, Fowler attached as exhibits to his amended complaint the offer letter laying out the terms of the sign-on bonus (ECF No. 20-1) and three pay slips for the period between June 2, 2023, and July 13, 2023 (ECF Nos. 20-2, 20-3, 20-4), demonstrating that he was paid his regular rate—not accounting for the bonus—multiplied by one-and-a-half for overtime.

At the outset, Fowler's factual allegations are sufficient to state a plausible claim that Caesars violated the FLSA by undercompensating him for his overtime rate. *See Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017) ("[T]o make out a plausible overtime claim, a plaintiff must provide sufficient factual allegations to support a reasonable inference that he or she worked more than forty hours in at least one workweek and that his or her employer failed to pay the requisite overtime premium . . . . A plaintiff may meet this initial standard 'by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she believes she is owed, *or any other facts* that will permit the court to find plausibility.'" (quoting *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014))).

But Fowler's assertions in his amended complaint and the attached exhibits fail to raise, either expressly or inferentially, a plausible allegation of Caesars's *willfulness*. In addition to failing to allege in plain terms that Caesars's alleged FLSA violation was willful, Fowler's

amended complaint does not characterize the alleged violation as purposeful, intentional, or deliberate, or make any other allegations that would indicate that Fowler "generally averred willfulness." *Mullin v. Capital One Servs., Inc.*, No. 3:24-cv-00816, 2025 WL 2772478, at *18 (E.D. Va. Sep. 26, 2025). Courts in this circuit look to the complaint's language to determine whether the plaintiff plausibly alleged willfulness. *See, e.g.*, *Aviles-Cervantes v. Outside Unlimited, Inc.*, 276 F. Supp. 3d 480, 491 (D. Md. 2017) ("Plaintiffs have alleged that Outside Unlimited acted willfully or with reckless disregard in failing to pay [them]" and "*intentionally* did not record all of their compensable hours of work." (cleaned up)); *Battle v. City of Alexandria*, No. 1:14-cv-1714, 2015 WL 1650246, at *6 (E.D. Va. Apr. 14, 2015) ("Here, Plaintiff expressly alleges that Defendant's demotion of Battle was willful and in reckless disregard of her right to take FMLA qualifying leave. Defendant expects more specificity, but none is required here." (cleaned up)).[3] Likewise, in *Farias*, this court pointed to the plaintiff's statement in his complaint that the defendant's violations were "repeated, knowing, willful and intentional." *Farias*, 2021 WL 2272487, at *3.[4]

Fowler's allegations also don't permit the court to infer that Caesars knew or recklessly disregarded that its practices violated the FLSA. For instance, the plaintiffs in *Farias* stated in

---

[3] The Family Medical Leave Act ("FMLA") has the same statute of limitations provisions as FLSA; namely, that FMLA claims are generally subject to a two-year statute of limitations, but if an alleged violation is willful, the limitations period extends to three years. 29 U.S.C. §§ 2617(c)(1)–(2). Therefore, cases analyzing whether a plaintiff sufficiently pleaded that his/her employer willfully violated the FLMA are instructive here.

[4] Because an employer can be found to have willfully violated the FLSA by recklessly disregarding the fact that the FLSA prohibited its conduct, *Desmond*, 630 F.3d at 358, Fowler's allegations would have been sufficient if he included such plain terms, descriptors, or facts about the company that indicated a reckless disregard of FLSA regulations on Caesars's part. *See, e.g.*, *Fierbaugh v. Cap. One Servs.*, No. 3:24-cv-00901, 2025 WL 2617704, at *6 (E.D. Va. Sep. 10, 2025) (holding that the plaintiff met the willfulness pleading standard and noted that "Capital One is a longstanding, sophisticated entity employing a large number of people and is familiar with FLSA's requirements.").

their complaint that they "frequently worked in excess of 40 hours per week without overtime pay," and that the defendant had "extensive involvement in assigning them that work, supervising them, tracking their time, [and] controlling their schedules . . . while simultaneously treating them as independent contractors and requiring them to sign a document stating as much." *Id.* (cleaned up). The court found that these allegations sufficiently supported "the willfulness of the alleged FLSA violations" because they indicate the defendant's "direct control and knowledge" of the plaintiffs' schedules and tasks, and that they were regularly working more than 40 hours per week without overtime pay. *Id.* Fowler, in contrast, does not make these types of allegations.

Here, after accepting all of Fowler's allegations as true and drawing reasonable inferences in his favor, the court still finds that Fowler's allegations do not allow the court to reasonably infer that Caesars "knew, or recklessly disregarded the possibility, that its practices violated the FLSA." *See id.* Though Fowler did not need to allege specific facts at this stage, his failure to aver Caesars's willfulness or recklessness generally required him to provide some kind of factual support. *See, e.g.*, *Davis v. Navy Fed. Credit Union*, No. 1:11-cv-01282, 2012 WL 948428, at *5 (E.D. Va. Mar. 20, 2012) (holding that the plaintiff's allegations failed "to support the inference that [the defendant] willfully violated the FMLA" where the plaintiff did not use the term "willful" or similar words and alleged only that the defendant lost information relevant to her FLMA leave and did not accurately track or calculate her leave); *Fierbaugh v. Cap. One Servs.*, No. 3:24-cv-00901, 2025 WL 2617704, at *5 (E.D. Va. Sep. 10, 2025) (noting that, at the motion to dismiss stage, "some factual indication must exist that the FLSA violation at issue was willful.").

In some cases, allegations that the defendants had complete control over the corporate structure of the company and the plaintiffs' schedules were sufficient to support a reasonable inference that the purported FLSA violations were willful. *See Walsh v. Heavenly Hands Home Healthcare,* No. 2:22-cv-237, 2022 WL 18777533, at *9 (E.D. Va. Sep. 1, 2022); *Fierbaugh*, 2025 WL 2617704, at *6; *Farias*, 2021 WL 2272487, at *3. Crucially, however, in those cases, the plaintiffs alleged that the defendants failed to pay them any overtime at all and, in particular, that the defendants withheld overtime pay by misclassifying the plaintiffs as exempt, *Fierbaugh*, 2025 WL 2617704, at *6, by not recording all compensable hours, *Aviles-Cervantes*, 276 F. Supp. 3d at 491, or by falsifying hours on paystubs and requiring plaintiffs to waive their right to the overtime premium, *Walsh*, 2022 WL 18777533, at *9. In situations where a plaintiff claims that a company knows that its employees are working overtime but fails to pay *any* overtime—and further, takes steps like those described above to deny that pay—"[t]hat allegation necessarily requires an element of willfulness on the part of the employer and is thus sufficient at the motion to dismiss stage to allege a willful violation[.]" *Jackson v. Wilhelm Rest. Grp., Inc.*, No. 1:22-cv-00165, 2022 WL 982361, at *3 (E.D. Va. Mar. 30, 2022); *see also Larson v. True Select, LLC*, No. 5:21-cv-00077, 2022 WL 422168, at *4 n.3 (W.D. Va. Feb. 11, 2022) (stating that plaintiff was entitled to the three-year statute of limitations because her allegations suggest that the defendant "designed its corporate structure to avoid paying overtime[,]" and "any such violation would be willful.").

The facts of the cases described above differ substantively from the facts Fowler alleges—that Caesars paid him overtime but failed to incorporate his sign-on bonus into the rate. (*See* Am. Compl. ¶¶ 86–96, 137–51.) It is fundamentally different to allege that an

employer was aware that an employee worked overtime but failed to pay them—a case in which willfulness is properly inferred—and what Fowler asserts here—that Caesars paid him overtime but based on an allegedly incorrect rate of pay. Whereas the former scenario requires, almost as a matter of common sense, some degree of willfulness (or, at a minimum, recklessness), the latter does not. Fowler fails to include in his amended complaint any reference to willful or reckless conduct on Caesars's part, and the facts pleaded are not sufficient to infer as much. The exhibits attached to the amended complaint, although providing that Fowler received the repayable sign-on bonus and that Caesars did not incorporate it into his overtime rate, likewise fall well short of implying willfulness or recklessness on Caesars's part.

Because Fowler's individual FLSA claim is time-barred, his collective action claim on behalf of similarly situated class members must be dismissed. *See Beck v. McDonald*, 848 F.3d 262, 269–70 (4th Cir. 2017) (explaining that standing in a class action is analyzed based on the personal injury allegations made by the named plaintiff, and that "[w]ithout a sufficient allegation of harm to the named plaintiff in particular, plaintiffs cannot meet their burden of establishing standing." (quoting *Doe v. Obama*, 631 F.3d 157, 160 (4th Cir. 2011))). Without a justiciable action as to Fowler individually, his purported collective action under the FLSA fails. *See Midkiff v. Anthem Cos., Inc.*, 640 F. Supp. 3d 486, 492 (E.D. Va. 2022) ("A district court's determination of whether to grant conditional certification [for a collective action under the FLSA] requires plaintiffs to make a modest factual showing sufficient to demonstrate that they and potential plaintiffs were victims of a common policy or plan that violated the law." (cleaned up)). Accordingly, the court will dismiss Count 6.

B. Count 7: Class Action under the VWPA

Fowler's claim under the VWPA is inextricably tied to Fowler's FLSA claim, as both claims arise under the same facts.[5] (Am. Compl. ¶¶ 152, 154 (re-alleging and incorporating by reference paragraphs 1–151 and stating that "[b]y violating the FLSA and withholding Named Plaintiff's wages, Defendant also violated the VWPA.").) Because Fowler's FLSA claim has been dismissed, the court declines to exercise supplemental jurisdiction over his VWPA claim here. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]").

Like Fowler's FLSA claim, his Rule 23 class action claim under the VWPA must also be dismissed. *See Beck*, 848 F.3d at 269–70; *CASA, Inc v. Trump*, No. DLB-25-201, 2025 WL 2263001, at *5 (D. Md. Aug. 7, 2025) ("Without an appropriate class representative, courts will not make 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011))). Accordingly, the court will dismiss Count 7.

## IV. CONCLUSION

---

[5] Additionally, the relevant portion of the VWPA—providing for a private right of action—states:

> [I]f an employer fails to pay wages to an employee in accordance with this section, the employee may bring an action, individually, jointly, with other aggrieved employees, or on behalf of similarly situated employees as a collective action consistent with the collective action procedures of the [FLSA], against the employer in a court of competent jurisdiction to recover payment of the wages[.]

Va. Code Ann. § 40.1-29(J). This language further demonstrates that Fowler's VWPA claim was tied to his FLSA claim such that the former cannot go on without the latter.

For the reasons discussed above, Caesars's motion to dismiss will be granted. Counts 6 and 7 of the amended complaint will be dismissed without prejudice.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 28th day of October, 2025.

>  /s/ Thomas T. Cullen
> HON. THOMAS T. CULLEN
> UNITED STATES DISTRICT JUDGE