CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED

7/27/2026
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

LEVAR FOWLER,                )
                             )
            Plaintiff,       )      Case No. 4:24-cv-00029
                             )
v.                           )      **MEMORANDUM OPINION**
                             )
CAESARS VIRGINIA, LLC,       )      By:    Hon. Thomas T. Cullen
                             )             United States District Judge
            Defendant.       )

In August 2024, Plaintiff Levar Fowler ("Fowler") sued his former employer, Caesars

Virginia, LLC ("Caesars"),[1] alleging that Caesars violated his federal and state rights when it

fired him after he complained that a co-worker repeatedly referred to him as "boy," called him

the "N-word," and engaged in other allegedly discriminatory and threatening conduct. Caesars

moved to dismiss Fowler's complaint in part, seeking dismissal of his hostile-work-

environment claim and his retaliation claim under the Virginia Whistleblower Protection Law.

(ECF No. 4.) In March 2025, this court denied Caesars's motion as to the former claim and

granted it as to the latter. (ECF No. 10.)

---

[1] Caesars contends that "Caesars Virginia, LLC is not the proper entity for this suit as Plaintiff was employed by Caesars Resort Collection, LLC … during the relevant timeframe." (Def. Br. Opp. Mot. Reconsideration at 1 n.1 [ECF No. 44.]) To determine whether an employee was employed by multiple entities simultaneously, courts in this circuit apply a fact-intensive, four-factor "integrated employer" test, which requires considering: "(1) common management; (2) interrelation between operations; (3) centralized control of labor relations; and (4) degree of common ownership/financial control." *United States v. Univ. Health Servs., Inc.*, No. 1:07-cv-00054, 2010 WL 4323082, at *6 (W.D. Va. Oct. 31, 2010) (citing *Hukill v. Auto Care, Inc.*, 192 F.3d 437, 442 (4th Cir. 1999) (abrogated on other grounds)). The parties have not fully briefed this matter, and the court does not have enough facts at this stage to determine whether these two entities acted as an integrated employer with respect to Fowler. In any event, those facts are not necessary to resolve the instant motion on the merits.

In August 2025, Fowler filed an amended complaint adding two new claims for violations of the Fair Labor Standards Act ("FLSA") and the Virginia Wage Payment Act ("VWPA"), respectively. (ECF No. 20.) Caesars moved to dismiss these new claims, arguing that Fowler's FLSA claim is time-barred under the standard statute of limitations, and that Fowler's allegations were insufficient to entitle him to the three-year statute of limitations. (ECF No. 21.) In October 2025, the court granted Caesars's second motion to dismiss but gave Fowler the opportunity to amend his complaint to cure his pleading deficiencies as to Caesars's alleged willful violation of the FLSA. (ECF No. 28.)

In November 2025, Fowler filed a second amended complaint (ECF No. 29), and Caesars once again moved to dismiss the FLSA and VWPA claims. (ECF No. 32.) Caesars argued that Fowler did not state a claim for unpaid overtime and that, if the court dismisses his individual FLSA claim, then his individual VWPA claim, as well as the collective action and class-action claims under the FLSA and VWPA, respectively, must also be dismissed because they both arise from the same facts. In June 2026, the court granted Caesars's motion, holding that Fowler did not state a claim for unpaid overtime under the FLSA. (ECF No. 40.)

Shortly following that ruling, Fowler filed a motion for reconsideration, arguing that the court made a legal error in dismissing his FLSA and VWPA claims. (ECF No. 41.) For the reasons explained below, the court disagrees, and it will therefore deny Fowler's motion.

## I.    STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

The court recited the relevant facts in this matter in its March 3, 2025 Memorandum Opinion addressing Caesars's first motion to dismiss. Because the instant motion seeks reconsideration of the court's dismissal of claims that Fowler recently added, many of those

facts are not relevant to the specific claims now before the court. In the interest of judicial economy, the court incorporates the statement of facts and procedural background from its March 3, 2025 Memorandum Opinion. (ECF No. 10.) In addition, the court recited the relevant facts pertaining to Fowler's FLSA and VWPA claims in its June 5, 2026 Memorandum Opinion (ECF No. 39), and therefore also incorporates the statement of facts and procedural background from that opinion. But because the FLSA and VWPA claims are at issue here, the court will briefly summarize the facts and allegations in Fowler's second amended complaint ("SAC") related to those claims.

In support of his argument that he was undercompensated while employed at Caesars, Fowler explained that he was awarded a sign-on bonus when he was hired, which was nondiscretionary and "payable within the first 30 days of employment." (SAC ¶¶ 92–93 [ECF No. 29], Am. Compl. Ex. 5 [ECF No. 20-1].)[2] Fowler's offer letter provided that this bonus would be repayable to Caesars if he left voluntarily or was terminated for violating company policies within 12 months of employment. (Am. Compl. Ex. 5.) Fowler contended that because of this provision, the bonus "should have been calculated into [his] minimum wages when determining his overtime rate over the following 12-month period." (*Id.* ¶¶ 149–51.) He further noted that he worked overtime during three pay periods between early June and mid-July, but Caesars did not incorporate the sign-on bonus into his overtime rate for those pay periods. (*Id.* ¶¶ 95–101.)

---

[2] Although the offer letter was not attached to Fowler's SAC (it was attached as an exhibit in his *Amended Complaint*), the court will still consider that document because it is integral to the SAC and its authenticity is not disputed. *See Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

Caesars argued that the bonus could have been applied only to overtime worked within the first 30 days of employment, and because Fowler did not work any overtime during that period, he was not entitled to have his bonus computed in his overtime pay. (Def. Br. in Supp. Third Mot. Dismiss at 13–14 [ECF No. 33].) In response, Fowler argued that "[b]ecause the sign-on bonus was potentially repayable to [Caesars] during the course of a 12-month period, [Fowler's] continued employment was a condition of receiving the sign-on bonus. Therefore, for 12 months, [Fowler] was earning the sign-on bonus, and the sign-on bonus was clearly not intended to cover only the period in which he was paid." (Pl. Br. in Opp. Third Mot. Dismiss at 13 [ECF No. 35].)

The court, however, found that neither party had correctly identified and interpreted the controlling law on that issue. In sum, the court concluded that 29 C.F.R. § 778.209(a) expressly allowed an employer to disregard a bonus when computing an employee's regular hourly rate until the amount of bonus to which the employee is entitled can be ascertained. *Fowler v. Caesars Va., LLC*, No. 4:24-cv-00029, 2026 WL 1623416, at *5–6 (W.D. Va. June 5, 2026). Because Fowler's offer letter explicitly provided for a staggered repayment schedule for the sign-on bonus if he left voluntarily or was terminated for violating company policies within 12 months of the start of his employment, the court reasoned that

> the amount of the sign-on bonus Fowler was entitled to was not immediately known by Caesars when he started working. Caesars, therefore, was permitted to "disregard the bonus in computing the regular hourly rate" until the amount of bonus Fowler was entitled to could be ascertained (*i.e.* at the end of the twelve-month period or upon his termination from the job, whichever would have been earlier). And because Fowler was terminated approximately two-and-a-half months after his start date, the entire sign-on bonus was repayable and, as a matter of basic

> contract interpretation, Fowler was not actually entitled to any of
> the bonus upon his termination.

*Id.* at *6. The court thus held that Caesars did not violate the FLSA by not incorporating the sign-on bonus into Fowler's overtime rate and dismissed his collective action claim under the FLSA and class action claim under the VWPA. *Id.* at *7.

Fowler filed the present motion for reconsideration on June 8, 2026. (ECF No. 41.) Following the court's order for additional briefing (ECF No. 42), Caesars filed a response (ECF No. 44), and Fowler replied (ECF No. 45), making this matter ripe for disposition.

## II.    STANDARD OF REVIEW

Motions for reconsideration are not directly contemplated by the Federal Rules of Civil Procedure, but courts look to several rules for guidance. First, Rule 54(b) states: "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Courts are also guided by Rules 59 and 60(b). *Eramo v. Rolling Stone LLC*, No. 3:15-CV-00023, 2016 WL 5942328, at *1 (W.D. Va. Oct. 11, 2016) (citation omitted). "Thus, the court has discretion to depart from a previous ruling '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice.'" *Id.* (alteration in original) (quoting *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012)).

### III.    DISCUSSION

Fowler argues that, at this stage, he has sufficiently alleged that he was not terminated for cause[3] and, therefore, the court was incorrect in holding that the offer letter's clawback provision—requiring Fowler to pay back his sign-on bonus if he was terminated for violating company policies—applied in this situation and precluded Fowler's FLSA claim. (Mot. Reconsideration at 2.) Fowler also argues that, insofar as Caesars asserts that it fired Fowler for cause, "a company cannot avoid its obligations to pay its employees contractual benefits merely by asserting a cause." (*Id.* at 3.) That is, according to Fowler, Caesars may only disregard the sign-on bonus when computing Fowler's overtime rate if it *proves* that it terminated Fowler for cause. (*Id.* at 4.) The court disagrees.

As the court explained in its previous ruling, 29 C.F.R. § 778.209(a)—which allows an employer to disregard a bonus in computing an employee's regular hourly rate when the amount of bonus owed cannot be ascertained until a later date—is controlling here. A reasonable reading of that provision includes active, ongoing litigation as a period in which an applicable bonus is unascertainable. In other words—and as Fowler rightfully points out (*see* Mot. Reconsideration at 2)—whether he was fired in retaliation for opposing racist treatment remains unresolved by the court because the parties disagree as to the basis of Fowler's

---

[3] Fowler specifically argues that he has, at this stage, sufficiently demonstrated that he was not terminated for cause because his SAC contains allegations that Caesars fired him for complaining about racist conduct and comments, and the court previously held that he "sufficiently alleged an environment that was both objectively and subjectively harassing" in denying Caesars's motion to dismiss Fowler's Title VII and Virginia Human Rights Act retaliation claims. (Mot. Reconsideration at 2); *see Fowler v. Caesars Va., LLC*, No. 4:24-cv-00029, 2025 WL 673654, at *6 (W.D. Va. Mar. 3, 2025).

termination.[4] Until that issue is resolved, the amount of the sign-on bonus that Fowler is entitled to remains unascertainable and, as a result, Caesars is allowed to defer its calculation of the bonus into Fowler's overtime rate for now. The court simply cannot interpret 29 C.F.R. § 778.209(a) to trigger an automatic FLSA violation if an employer does not *immediately* incorporate a bonus into an employee's overtime rate upon termination, despite the bonus containing a clawback provision, every time an employee disputes his termination.[5] If the court determines that Fowler was, in fact, illegally fired, he will be entitled to the entire sign-on bonus as well as the increased overtime rate, which will be properly included as an element of damages.

Accordingly, the court does not find clear error in its previous ruling. At this stage, Fowler is not entitled to the sign-on bonus or the increased overtime rate because the amount of the bonus he is owed (if any) under the terms of the offer letter is not yet calculable, and

---

[4] Though Fowler contends that Caesars did not identify any cause when it terminated his employment—and argues that his SAC alleges as much (*see* Mot. Reconsideration at 2 (citing SAC ¶ 90))—his SAC actually identifies Caesars's reason (or potential reason) for terminating him. (*See* SAC ¶ 1 (stating that Caesars "terminated him using the pretext that he was bullying other employees and harassing customers").) Even though Fowler contends that the cause is pretextual, the SAC still establishes that there is disagreement over the reason for his termination.

[5] Consider, for a moment, what Fowler is demanding. An employee is hired to a position that pays $20/hour and given a $5,000 sign-on bonus with a clawback provision identical to the one at issue here. After working 60 hours his first week, he is fired for gross misconduct on the job—perhaps even recorded on security footage—but the employee claims it was for a different reason, one prohibited by law. Fowler's position would *require* an employer to pay out overtime to that employee. If it didn't, the employer would automatically violate the FLSA. The only way to recoup that money would be to sue the employee and prove the basis for termination was for cause. In the court's hypothetical, that employee's regular rate of pay would be $103.33/hour (when the sign-on bonus is computed as Fowler demands [60 x 20 = 1,200; 1,200 + 5,000 = 6,200; 6,200 / 60 = 103.33, and since overtime is paid at time and a half, he is owed $155/hour for overtime]), meaning that he would take home $8,900 before taxes ($800 in regular wages [$20/hour x 40 hours] and $3,100 in overtime [$155 x 20 hours], plus the $5,000 sign-on bonus) for his one week of employment, and if the employer failed to pay *all of that* regardless of the dispute over the reason for his termination, it will have violated the FLSA.

thus Fowler has not stated a claim that overtime pay with the bonus included in the rate was unlawfully withheld.

### IV. CONCLUSION

For the reasons discussed above, Fowler's motion for reconsideration will be denied.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 27th day of July, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE